MALLET .v. McCORD et al.

BECK, J. 1. Under the terms of the deed under which the parties to the case claimed the sole right to fish in the mill-pond in controversy, the ancestor of the defendant (the plaintiff in error) had a mere personal right not appendant to an estate,—the right in gross, to take fish in said pond. *Lee* v. *Mallard,* 116 *Ga.* 18; Beach v. Morgan, 67 N. H. 529.

2. Such right in gross is neither assignable nor inheritable. 19 Cyc. 990, and cit.

3. Applying this principle to the undisputed facts of the case, the court did not err in granting the injunction against the defendant, and in refusing to enjoin the plaintiffs.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided February 27, 1907.

Injunction. Before Judge Reagan. Butts superior court. March 30, 1906.

The petition alleges, that the plaintiffs are the owners and in possession of certain land on Yellow Water creek, on which they have rented a mill for the purpose of making corn meal; that they have the right of back water over a large body of land adjacent to the mill, "said right of back water giving them the authority to dam up said creek for the purpose of securing water to run said mill and to grow and propagate fish, . . they having obtained said right of back water by purchase from A. N. Byars and W. M. Mallet," under a certain deed, a copy of which is exhibited; that they have built a dam for the purposes stated, and have thus made a mill pond, which they have stocked with fish; that they have the land and the pond posted as required by law, but the defendants, R. L. Mays and George Mallet, without authority and over the protest of the plaintiffs, have been fishing in the pond and continue to take large quantities of fish from it, to the damage of the plaintiffs; and that the damage is irreparable and not capable of computation, and said Mays is insolvent. It is prayed that the defendants be enjoined from fishing in the pond. Mallet, in his answer to the petition, admits the right of the plaintiffs to back water over the land for milling purposes, under the deed referred to, but denies that they have any right to fish in the water covering the land, or to propagate fish therein. He admits fishing in the pond, but alleges that "he is part owner and in full control of all the land immediately surrounding said pond," and, as an heir at law of W. M. Mallet, one of the grantors in said deed,

has the same right that he had to fish in said pond. He prayed that the plaintiffs be enjoined from fishing in the pond or interfering with his fishing.

The material parts of the deed are as follows: "Georgia, Butts County. This indenture, made and entered into this 25th day of May, 1883, between Harrel N. Byars and W. M. Mallet, of the first part, and John W. McCord Sr. and James R. McCord, of the second part, . . witnesseth, that the said [parties of the first part], for and in consideration of the sum of forty dollars to them in hand paid . . hath granted, bargained, and sold the right to keep and maintain a dam on the Yellow River creek in said county, . . to keep the water at its present height. . . And the said [parties of the first part], for the consideration above mentioned and the further consideration that they have the right to fish in said pond, will hereby warrant and forever defend the above-described right and privilege of back water unto the said [parties of the second part], their heirs and assigns forever in fee simple."

After hearing the evidence, the court enjoined the defendants from fishing in the pond, and refused Mallet's prayer for injunction. Mallet excepted.

*Joseph B. Wall,* for plaintiff in error, cited: 116 *Ga.* 376; 4 *Ga.* 52; 10 Am. & Eng. Enc. L. (2d ed.) 398, 403; 8 Id. 188; 15 Wall. 500; 7 Mees. & Wel. 63; 2 Ad. & El. 743; 8 Oreg. 334.